IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OKLAHOMA SURETY COMPANY and MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § § | 1:22-CV-1033-DII |
| DIRECT STEEL, LLC, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Direct Steel, LLC's ("Defendant") motion to transfer this matter to the Northern District Of Illinois. (Dkt. 27). Plaintiffs Oklahoma Surety Company and Mid-Continent Casualty Company (collectively, "Plaintiffs") did not file a response. Having considered the motion, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

This case arises out of a construction project located in Fort Hood, Texas. (Compl., Dkt. 1). On October 12, 2022, Plaintiffs filed their complaint for a declaratory judgment. (*Id.*). On December 6, 2022, the Court granted Defendant's Motion to Stay Proceedings and Compel Arbitration, (Dkt. 7). (Dkt. 14). The parties filed a joint status report on January 30, 2024, indicating that arbitration occurred in October 2023 and "[t]he arbitrator entered an award on December 12, 2023." (Dkt. 23). On February 12, 2024, Plaintiffs filed a motion to confirm the arbitration award, (Dkt. 25), to which Defendant objected, (Dkt. 28). On February 21, 2024, Defendant filed the instant motion for this Court to transfer this case to the United States District Court for the Northern District of Illinois. (Dkt. 27, at 1). Plaintiffs did not file a response.

## II. DISCUSSION

At the outset, the Court notes that it could grant Defendant's motion as unopposed in light of Plaintiffs' lack of opposition. *See* Loc. R. W.D. Tex. CV-7(e)(2) (requiring an opposing party to respond to a non-case management motion within 14 days and allowing the district court to grant a motion as unopposed if no timely response is filed). In addition to its authority to grant the motion as unopposed, the Court also finds that good cause warrants a transfer to the Northern District of Illinois.

"Under the transfer statute, a district court may transfer a case upon a motion or sua sponte. 28 U.S.C. § 1404 and § 1406. The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987); *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989). "The preliminary question under 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 213 (5th Cir. 2008). In other words, the query is whether venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit. *XR Commc'ns, LLC v. Google LLC*, No. 6:21-CV-00625-ADA, 2022 WL 3702271, at *2 (W.D. Tex. Aug. 26, 2022). Venue and jurisdiction would have been proper in the Northern District of Illinois when Plaintiffs filed this suit. Defendant appears to be subject to jurisdiction in Illinois for the purposes of this suit, and for the reasons discussed below, venue is appropriate in the Northern District of Illinois. Therefore, the preliminary question is satisfied.

The Court next turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)). The relevant factors include matters of both private and public interest. *In re Volkswagen*

*AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"); *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

Here, the interests of justice favor transferring the case because the parties previously contracted for their case to be heard in the Northern District of Illinois. (Mot., Dkt. 27, at 5 ("In this case, there is a valid agreement to arbitrate, specifying that an arbitration award 'shall be enforceable by judgment and post judgment proceedings in any Court within the Circuit Court for the 22nd Judicial Circuit, McHenry County, Illinois, or any Court within the United States District Court for the Northern District of Illinois.'"). "[A] forum-selection clause may be enforced by a motion to transfer under § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). "[A] court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 64. Rather, the private interest factors all "weigh entirely in favor of the preselected forum," the Northern District of Illinois. *Id.* Accordingly, "a district court may consider arguments about public-interest factors only," which "rarely defeat a transfer motion," meaning "that forum-selection clauses should control except in unusual cases." *Id.* Seeing no exceptional circumstances under the public interest factors

that would counsel against transfer, the Court finds that transfer to the Northern District of Illinois is appropriate.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to transfer, (Dkt. 27), is **GRANTED**. Accordingly, **IT IS ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Northern District of Illinois.

**SIGNED** on March 27, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE